UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case Number: 14-13286-13 |
| GREGORY C. ACHTOR<br>and LINDA A. ACHTOR, | |
| Debtors. | |

# **DECISION**

The Debtors, Gregory and Linda Achtor, filed a Chapter 13 petition, schedules, and plan on July 29, 2014. American Express timely filed two unsecured claims, Claim 5 and Claim 6. Claim 5 is for a credit card in the cardmember name Gregory Achtor. Claim 6 is for a credit card in the cardmember name Linda Achtor. Achtor's Inc. is the company associated with both cards. The Achtors objected to both of these claims on October 22, 2014. American Express filed a response. The parties filed stipulated facts and have now briefed the issues.

Each proof of claim was filed with an account statement and claim balance itemization. The claim balance itemizations reflect the cardmember's name, the company name, the redacted account number, account type, account activity for the specified period, and final charges used to calculate the balance of the claims.  Stipulated copies of the Cardmember Agreements for each claim were also filed with the Court.

The Cardmember Agreement for the Claim 6 debt ("Agreement") confirms that Linda Achtor was the cardmember. It also confirms she assumed joint and several liability for the charges incurred. An identical agreement for Claim 5 confirms Gregory Achtor, as cardmember, assumed joint and several liability for all charges on his card.

The Cardmember Agreements provide:

> When you or an Additional Cardmember, as defined below, use the Account (or sign or keep a card), you and the Additional Cardmember agree to the terms of the Agreement.
>
> . . .
>
> You promise to pay all charges, including:
> - charges you make, even if you do not present your card or sign for the transaction,
> - charges that other people make, whether or not you or an Additional Cardmember intend to let them use the Account, subject to applicable law, and
> - charges that Additional Cardmembers make or permit others to make.

*Agreement,* Docket #34, Exhibit B, p. 11. The Agreement defines terms used as follows:

> **We**, **us**, and **our** mean the issuer shown on page 1 of Part 1. Except as provided below, **Basic Cardmember** means the person who applied for this Account or to whom we address billing statements. **Company** means the business for which the Account is established. **You** and **your** mean the Basic Cardmember and the Company. You agree, jointly and severally, to be bound by the terms of this Agreement.
>
> . . .

The Achtors' initial objection was that both claims should be disallowed because they were corporate debts and not personal debts. They also argue they had been paying on the claims since they filed the bankruptcy and "the claims should be in good standing." Based on statements in the Achtors' brief, they appear to have withdrawn their objection to Claim 5. Debtors state, "[T]here is no dispute or question about the fact that the American Express credit card listed in the name of Achtor's Inc. and guaranteed by Gregory Achtor should be listed as an unsecured debt in the chapter 13 plan of the debtors." However, they still assert Claim 6 should be disallowed asserting it is "not non-contingent AND liquidated." This position appears to be based on the stipulated facts that at the time the Achtors filed their Chapter 13 petition, payment on the Claim 5 debt was not current while payment on the Claim 6 debt was current.

American Express asserts the Debtors are personally liable for repayment of charges on the accounts according to the terms of the account agreements for each claim. Thus, it asserts the Court should overrule the objection.

The Court has jurisdiction over this claim objection under 28 U.S.C. § 1334 by way of the reference from the District Court. 28 U.S.C. §§ 157(a) and (b)(1). Because it involves a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B), the Court may enter final judgment. 28 U.S.C. § 157(b)(1).

The term "claim" as used in the Bankruptcy Code means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A creditor may have a claim even if its right to payment is contingent or unmatured.

Section 502 of the Bankruptcy Code governs allowance of claims. "Allowance of claims is the process by which it is determined whether or not a claim will be recognized for distribution in a bankruptcy case." Robert E. Ginsberg, Robert D. Martin & Susan V. Kelley, *Ginsberg & Martin on Bankruptcy* § 10.07 (2015-2 Supp.). If a claim objection is filed, section 502 provides the court shall disallow a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law *for a reason other than because such claim is contingent or unmatured.*" 11 U.S.C. § 502(b)(1) (emphasis added). Pursuant to section 502, contingency of a right to payment, or the fact the right to payment has not matured is not, alone, grounds for disallowance of a claim under the Bankruptcy Code.

A properly executed and filed proof of claim constitutes prima facie evidence of the amount and validity of the claim. FED. R. BANKR. P. 3001(f). An objector has the burden of going forward with evidence that overcomes the prima facie case. *In re Nejedlo,* 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005); *see also In re Habiballa,* 337 B.R. 911, 914 (Bankr. E.D. Wis. 2006). If the objector

does so, the burden shifts back to the claimant to prove the validity of the claim by a preponderance of the evidence. *See In re Nejedlo,* 324 B.R. at 699. American Express filed a proof of claim, credit card statement, and the statement required by Bankruptcy Rule 3001(c)(3)(A). Copies of the Cardmember Agreements for both the Claim 5 debt and the Claim 6 debt have also been filed.

Linda Achtor was the Basic Cardmember to whom billing statements for Claim 6 were addressed. Achtor's Inc. was the "Company" for whom the account was established. By using the account or keeping or signing a card, Linda Achtor and Achtor's Inc. agreed jointly and severally to be bound by the terms of the agreement, including the promise to pay all charges. *See In re Fairfield,* 455 B.R. 849, 856 (Bankr. E.D. Pa. 2011) (considering credit card agreement with very similar language). Linda Achtor is charged with knowledge and acceptance of the Agreement, regardless of whether or not she read it. *Id.* at 856. Thus, she is personally liable for the Claim 6 debt. There is no evidence she is simply a guarantor whose liability is contingent on a default by a principal obligor.

The Agreement provides that it is governed by Utah law. Utah law provides:

> A credit agreement is binding and enforceable without any signature by the party to be charged if:
>
> (i)   the debtor is provided with a written copy of the terms of the agreement;

    (ii)    the agreement provides that any use of the credit offered shall constitute acceptance of those terms; and

    (iii)    after the debtor receives the agreement, the debtor, or a person authorized by the debtor, requests funds pursuant to the credit agreement or otherwise uses the credit offered.

Utah Code § 25-5-4(2)(e); *see MBNA Am. Bank, N.A. v. Goodman,* 2006 UT App 276, ¶ 8, 140 P.3d 589, 592 (applying provision to credit card). Here, the Achtors do not allege they never received the letter sent to Linda Achtor containing the Agreement. The Agreement provides that use of the card constitutes acceptance of the terms. Finally, the card was used, and there is no allegation it was used by an unauthorized person.

    Finally, the arguments advanced by the Achtors rely on statutory provisions and case law that do not relate to allowance of claims. Much of the law the Achtors cite is not on point. They argue that Linda Achtor's liability is contingent because she is a guarantor, and they assert this means that it "does not need to be in her chapter 13 plan." However, the statute and related case law they cite address the debts to be included in the calculation that determines whether a debtor is eligible for Chapter 13 relief and not whether such debts constitute claims allowable in the case. *See* 11 U.S.C. § 109(e) and, *e.g., In re Pennypacker,* 115 B.R. 504 (Bankr. E.D. Pa. 1990). There has been no assertion the Achtors are not eligible for Chapter 13 relief. Section 109(e)'s calculation does not govern whether a debt "should be listed as an unsecured debt in the chapter 13 plan of the debtors," as the Achtors assert. It is not relevant to whether or not Claim 5 and Claim 6 are allowable.

The above analysis is equally applicable to allowance of Claim 5. Gregory Achtor was the Basic Cardmember. He utilized the card. The charges are undisputed.

## Conclusion

Linda Achtor is personally liable for the Claim 6 debt under the terms of the Agreement. The claim is enforceable and allowed. Based on the apparent abandonment of the objection to Claim 5 and also on the application of the identical analysis to it, Gregory Achtor is personally liable for the Claim 5 debt and such claim is enforceable and allowed. Accordingly, the Achtors' objections are overruled.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: August 3, 2015.

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge